IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


ROBERT KARL BARGER, JR.,               )
                              Plaintiff,        )
                                               )
        vs.                                    ) Civil Action No. 12-259
                                               ) Judge David Stewart Cercone/
                                               ) Magistrate Judge Maureen P. Kelly
PENNSYLVANIA STATE POLICE,             )
TROOP A; TROOPER McKENZIE,             ) Re: ECF No. 26
                              Defendants.    )


## REPORT AND RECOMMENDATION

### I.      RECOMMENDATION

Plaintiff, Robert Karl Barger, Jr. ("Plaintiff "), is an inmate in the custody of the

Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional

Institution at Mercer.  Plaintiff brings this civil rights action against Defendants Pennsylvania

State Police, Troop A, and Trooper McKenzie, alleging that Defendants violated his rights

provided by the Fifth Amendment to the United States Constitution and that he was subject to

false imprisonment when he was arrested by Trooper McKenzie in April of 2009.[1]

Presently before the Court is Defendants' Motion to Dismiss, ECF No. 26.  For the

following reasons, is respectfully recommended that the Motion be granted and the Amended

Complaint be dismissed without prejudice to file a Second Amended Complaint as to the false

imprisonment claim.

---

[1] Although Plaintiff also cites to the First Amendment to the Constitution in the Amended Complaint, he has not
identified the specific provision of the First Amendment under which he is purportedly proceeding and has not
alleged any facts from which the Court can discern a First Amendment claim.

II.     REPORT

A.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that in April of 2009, he was arrested by Trooper McKenzie and charged

with two counts of "Provide Accurate Information" under 18 Pa. C.S. § 4915. [2]  ECF No. 7, p. 2.

Plaintiff claims that he sat in prison for seven months until he went in front of a judge for a

habeas corpus hearing in November of 2009.  Id.  Because the charges were allegedly dismissed

at that time as being "unconstitutional," Plaintiff claims that his right to due process provided by

the Fifth Amendment to the United States Constitution was violated and that he was falsely

imprisoned.

Plaintiff initiated this action on March 1, 2012, by filing a Motion for Leave to Proceed

In Forma Pauperis.  ECF No. 1.  The Motion was granted on May 1, 2012, and the Complaint

was filed on that same date.  ECF Nos. 2, 3.  Plaintiff filed an Amended Complaint on June 4,

2012, and on March 7, 2013, Defendants filed the instant Motion to Dismiss.  ECF Nos. 7, 26.

Plaintiff responded to the Motion on April 4, 2013, on May 13, 2013, and again on September 5,

2013.  ECF Nos. 32, 33, 34.   As such, Defendants' Motion to Dismiss is ripe for review.

B.      STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal

Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the

complaint and all reasonable factual inferences must be viewed in the light most favorable to the

plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not

accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set

forth in the complaint.  See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d

---

[2] As Defendants correctly point out, 42 Pa. C.S. § 4915 is entitled "Failure to comply with registration of sexual offender requirements."

126, 143 (3d Cir. 2004), *citing* Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.

1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to

raise a right to relief above the speculative level."  Id., *citing* Papasan v. Allain, 478 U.S. 265,

286 (1986).   Indeed, the United States Supreme Court has held that a complaint is properly

dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim

to relief that is plausible on its face," id. at 570, or where the factual content does not allow the

court "to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224,

231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation

of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts

suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation

that discovery will reveal evidence of the necessary element[s] of his claim").

C.    DISCUSSION

Although Plaintiff does not specifically mention the Civil Rights Act, 42 U.S.C. § 1983

("Section 1983"), in his Amended Complaint, he nevertheless seeks to vindicate his rights

provided by the United States Constitution.  Because Plaintiff does not have a cause of action

directly under the Constitution, the Court shall construe his Complaint as one invoking the

Court's jurisdiction pursuant Section 1983.  See Kaucher v. Cnty. of Bucks, 455 F.3d 418, 423

(3d Cir. 2006), *citing* Baker v. McCollan, 443 U.S. 137, 145 n. 3 (1979) (footnote omitted)

("Section 1983 provides remedies for deprivations of rights established in the Constitution or

federal laws.  It does not, by its own terms, create substantive rights").

Section 1983 provides that:

> Every person who, under color of any statute, ordinance, regulation,
> custom, or usage, of any State or Territory or the District of Columbia,
> subjects, or causes to be subjected, any citizen of the United States or other
> person within the jurisdiction thereof to the deprivation of any rights,
> privileges, or immunities secured by the Constitution and laws, shall be
> liable to the party injured in an action at law, suit in equity, or other proper
> proceeding for redress . . . .

42 U.S.C. § 1983.  Thus, in order to state a claim for relief under Section 1983, a plaintiff must

allege facts from which it could be inferred that "the defendant, acting under color of state law,

deprived him or her of a right secured by the Constitution or the laws of the United States." Id.

at 423.

Here, Plaintiff alleges that Trooper McKenzie's actions -- and, by extension, those of the

Pennsylvania State Police -- ran afoul of his rights provided by the Fifth Amendment to the

Constitution and caused him to be subjected to false imprisonment.  Defendants, however, argue

that Plaintiff's false imprisonment claim is barred by the applicable statute of limitations and that

the claims brought against the Pennsylvania State Police should be dismissed because it is not a

"person" under Section 1983, and it is nevertheless entitled to immunity under the Eleventh

Amendment.  In addition, Defendants argue that because the due process clause of the Fifth

Amendment does not apply to state actors, Plaintiff's Fifth Amendment due process claim is

properly dismissed as well.

### A.    Statute of Limitations

Although ordinarily treated as an affirmative defense, failure to comply with the

applicable statute of limitations may be raised on a motion to dismiss where it is clear on the face

of the complaint that the cause of action is time-barred.  Benak ex rel. Alliance Premiere Growth

Fund v. Alliance Capital Mgmt., L.P., 435 F.3d 396, 400 n.14 (3d Cir. 2006).  See Oshiver v.

4

Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.1 (3d Cir. 1994) (a statute of

limitations defense may be the subject of a motion to dismiss if the untimeliness of the claim is

apparent on the face of the complaint).

Congress did not specify a statute of limitations for actions arising under 42 U.S.C. §

1983. Wilson v. Garcia, 471 U.S. 261, 266 (1985), *superseded by statute as recognized in*,

Kasteleba v. Judge, 325 Fed. Appx. 153, 156 (3d Cir. April 28, 2009). Courts, therefore, are to

consider Section 1983 actions as tort actions and borrow the statute of limitations for personal

injury or tort actions from the appropriate state. Wilson v. Garcia, 471 U.S. at 278. The state

statute of limitations for personal injury/tort actions in Pennsylvania is two years. 42 Pa. C.S.A.

§ 5524. See Smith v. Holtz, 87 F.3d 108, 111 n.2 (3d Cir. 1996), *abrogated in part on other*

*grounds by* Wallace v. Katz, 549 U.S. 384 (2007). As such, for Section 1983 actions brought in

the federal courts located within the Commonwealth of Pennsylvania, the appropriate limitations

period is two years. Id.

The date of accrual for claims brought under Section 1983 is governed by federal law.

Wallace v. Kato, 549 U.S. at 388; Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).

Under federal law, "'the limitations period begins to run from the time when the plaintiff knows

or has reason to know of the injury which is the basis of the section 1983 action.'" Id. at 126,

*quoting* Genty v. Resolution Trust Corp, 937 F.2d 899, 909 (3d Cir. 1991). See Wallace v. Kato,

549 U.S. at 388 ("[I]t is the standard rule that [accrual occurs] when the plaintiff has a complete

cause of action ... that is, when the plaintiff can file suit and obtain relief") (internal quotations

and citations omitted). Accordingly, "[t]he statute of limitations for a claim of false arrest or

false imprisonment begins to run 'at the time the claimant becomes detained pursuant to legal

process.'" LeBlanc v. Stedman, 483 F. App'x 666, 670 (3d Cir. 2012), *quoting* Wallace v. Kato, 549 U.S. at 397.

In the instant case, Plaintiff was detained pursuant to legal process on July 16, 2009, when his case was held for court by the local district magistrate. See ECF No. 26-1, p. 3.[3] Hence, Plaintiff had until July 16, 2011, to file a complaint bringing his claims for false imprisonment. Plaintiff, however, did not file the original Complaint in this matter until March 1, 2012 -- seven months beyond the limitations period. See ECF No. 1. Moreover, as argued by Defendants, even if the statute of limitations did not begin to run until November 20, 2009, when Plaintiff's habeas corpus petition was granted, he would have had to file his Complaint by November 20, 2011. See ECF No. 26-1, pp. 4, 6. Having filed the Complaint on March 1, 2012, Plaintiff was still over three months late.

Plaintiff does not dispute that his Complaint was untimely but contends that because he was an in-patient in a psychiatric hospital on four different occasions and taking psychiatric medications throughout 2010 and 2011, he was unable to file the Complaint within the limitations period and that, having shown good cause, the Court should extend the time for filing his claims. See ECF No. 32, ¶¶ 3, 5-7, 10-11; ECF No. 33, p. 3; ECF No. 34, ¶¶ 3, 4.

In determining whether equitable tolling should be granted, courts are to consider "(1) whether the plaintiff faced extraordinary circumstances that stood in the way of timely filing; and (2) whether he or she exercised reasonable diligence." Pabon v. Mahoney, 654 F.3d 385, 399 (3d Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 2430 (2012), *citing* Pace v. DiGugliemlo,

---

[3] In deciding a motion to dismiss, "[i]n addition to the allegations contained in the pleadings, the Court may also review "matters of public record, exhibits attached to the complaint and items appearing in the record of the case," as well as "undisputably authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Ickes v. Flanagan, 2008 WL 859183, at * 1 (W.D. Pa. Mar. 31, 2008), *quoting* Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d at 1384-85 n. 2, and Steinhardt Group Inc. v. Citicorp, 126 F.3d 144, 145 (3d. Cir 1997). Because the docket sheet of Plaintiff's criminal case, which Defendants have attached to their Motion to Dismiss, is a matter of public record and is an indisputably authentic document, the Court may consider it without converting the Motion to Dismiss to one for summary judgment.

544 U.S. 408, 418 (2005).  See <u>Santos ex rel. Beato v. United States</u>, 559 F.3d 189, 197 (3d Cir. 2009) (internal quotation omitted) (" [t]he remedy of equitable tolling is extraordinary, and we extend it only sparingly").  Tolling is appropriate under any one of the following three general scenarios: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action; (2) where the plaintiff has been prevented from asserting her claim as a result of other extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but has done so in the wrong forum."  <u>Id.</u>  Plaintiff in this case does not allege that Defendants actively misled him or that he asserted his claims in the wrong forum.  Rather, Plaintiff argues only that the statute of limitations should be tolled due to his alleged mental incompetence and in-patient hospitalization during 2010 and 2011.

Mental incompetence, however, is not a per se reason for equitable tolling.  See <u>Nara v. Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by* <u>Carey v. Saffold</u>, 536 U.S. 214 (2002).  For tolling to be appropriate, "the alleged mental incompetence must somehow have affected the petitioner's ability to file a timely [complaint]."  <u>Id.</u>  Moreover, it is the plaintiff's burden to prove that equitable tolling is warranted.  <u>Miller ex rel. Miller v. Hudson</u>, 2013 WL 2631539, at *3 (W.D. Pa. June 13, 2013).  See <u>Bolarinwa v. Williams</u>, 593 F.3d 226, 232 (2d Cir. 2010) (placing the burden on the petitioner to offer a particularized description of the causal relationship between the mental impairment and the failure to comply with the filing deadline).

Here, the Amended Complaint is completely devoid of any facts from which it could be inferred that Plaintiff was prevented from filing the Complaint within the limitations period.  See ECF No. 7.  Although Plaintiff has represented in response to Defendants' Motion to Dismiss that he was unable to file his Complaint in a timely manner because he was an in-patient in a

psychiatric hospital on several occasions and taking psychiatric medications throughout 2010 and 2011, it is well established that a plaintiff may not amend the Complaint through the brief filed in opposition to a motion to dismiss. See Commonwealth of Pa. ex. rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Moreover, even if the Court were to consider these cursory assertions they are insufficient to overcome the deficiencies in the Amended Complaint. Plaintiff has failed to provide dates during which he was allegedly hospitalized; where he was hospitalized; what medications he was prescribed; who was treating him; whether he has been adjudicated incompetent; and, if so, when that adjudication occurred in relation to the limitations period. See Champney v. Sec'y Pennsylvania Dep't of Corr., 469 F. App'x 113, 118 (3d Cir. 2012), *cert. denied*, ___ U.S. ___, 133 S. Ct. 836 (2013). Although Plaintiff contends that he has attempted to obtain his hospital records in order to demonstrate his inability to commence this suit in a timely fashion, he has not explained why he was unable to obtain the records, or what efforts he made to do so. Nor is it clear that the hospital records alone would be sufficient to demonstrate that Plaintiff was, in fact, prevented from filing a complaint within the statute of limitations or that, even with equitable tolling, the complaint would otherwise be timely.

Furthermore, Plaintiff has not set forth any facts or argument in either the Amended Complaint or his response to Defendants' Motion to Dismiss to support a finding that he exercised reasonable diligence in pursuing his claims. See Pabon v. Mahoney, 654 F.3d at 399. See also Santos ex rel. Beato v. United States, 559 F.3d at 197, *quoting* Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990) ("a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim. . . . The principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect'").

Accordingly, Plaintiff's claim of false imprisonment remains barred by the statute of limitations and is properly dismissed, albeit without prejudice to file an Second Amended Complaint curing the cited deficiencies.

### B.    Claims against the State Police

The Eleventh Amendment provides that:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.[4]

Thus, absent consent by a state, the Eleventh Amendment bars a civil rights suit in federal court against a state, or a department or agency of the state having no existence apart from the state as a defendant. Edelman v. Jordan, 415 U.S. 651, 663 (1974); Laskaris v. Thornburgh, 661 F.2d 23, 25 (3d Cir. 1981), *citing* Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). Pennsylvania has specifically withheld consent to suit in federal courts. 42 Pa. Cons. Stat. Ann § 8521(b) ("Federal courts. Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States").

Here, Plaintiff does not dispute that the Pennsylvania State Police is an agency of the Commonwealth of Pennsylvania. As such, the Pennsylvania State Police is entitled to Eleventh Amendment immunity and is properly dismissed from this action.

It should also be pointed out that the United States Supreme Court held that a state is not "a person" subject to Section 1983 liability and that the non-person status extends to "governmental entities that are considered arms of the state for Eleventh Amendment purposes."

---

[4] The United States Supreme Court has long interpreted the Eleventh Amendment as prohibiting suits in federal court against a state by the defendant state's own citizens as well. See Hans v. Louisiana, 134 U.S. 1 (1890).

Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989).  Because the Pennsylvania State Police is an arm of the state, dismissal of Plaintiff's federal claims brought against it are properly dismissed under Will as well.

### C.      Fifth Amendment Due Process Claims against McKenzie

Plaintiff has also alleged that Defendants violated his rights provided by the due process clause of the Fifth Amendment. The due process clause of the Fifth Amendment, however, only applies to acts of the federal government and not to conduct of the states, state agencies or state officials.  See Bergdoll v. City of York, 515 F. App'x 165, 170 (3d Cir. 2013), *citing* Nguyen v. U.S. Catholic Conference, 719 F.2d 52, 54 (3d Cir. 1983).  Because Defendants in this case are state actors, Plaintiff's Fifth Amendment claims are properly dismissed with prejudice.

### D.      CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of Defendants, ECF No. 26, be granted and the Amended Complaint be dismissed without prejudice to filing a Second Amended Complaint curing the cited deficiencies only with respect to Plaintiff's claim of false imprisonment against Trooper McKenzie.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right

to appeal.  <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing

objections may file their response to the objections within fourteen (14) days thereafter in

accordance with Local Civil Rule 72.D.2.

Respectfully submitted,


<u>/s/ Maureen P. Kelly</u>
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: October 11, 2013


cc:     The Honorable David Stewart Cercone
        United States District Judge

        Robert Karl Barger, Jr.
        KS-6167
        SCI Mercer
        801 Butler Pike
        Mercer, PA 16137

        All counsel of record by Notice of Electronic Filing