IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KARL BARGER, JR., | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil Action No. 12-259 |
| | ) Judge David Stewart Cercone/ |
| | ) Magistrate Judge Maureen P. Kelly |
| PENNSYLVANIA STATE POLICE, | ) |
| TROOP A; TROOPER McKENZIE, | ) Re: ECF No. 43 |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

Presently before the Court is Defendant's Motion to Dismiss for Failure to State a Claim (the "Motion"). ECF No. 43. For the Reasons that follow, it is respectfully recommended that the Motion be granted.

### II. REPORT

#### A. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, Robert Karl Barger, Jr. ("Plaintiff "), is an inmate in the custody of the Pennsylvania Department of Corrections and is currently incarcerated at the State Correctional Institution at Mercer. Plaintiff initiated this civil rights action on March 1, 2012, by submitting a Complaint along with a Motion for Leave to Proceed in Forma Pauperis. ECF No. 1. Plaintiff's request to proceed in forma pauperis was granted and the Complaint was filed on May 1, 2012. ECF Nos. 2, 3. Plaintiff filed an Amended Complaint on June 4, 2012, in which he alleged that Defendants Pennsylvania State Police, Troop A, and Trooper McKenzie violated his rights provided by the Fifth Amendment to the United States Constitution and that he was subject to false imprisonment when he was arrested by Trooper McKenzie in April of 2009. ECF No. 7.

Pursuant to a Motion to Dismiss filed on March 7, 2013, the Amended Complaint was dismissed without prejudice to filing a second Amended Complaint to cure the deficiencies with respect to Plaintiff's claim of false imprisonment brought against Trooper McKenzie.[1] See ECF Nos. 26, 36, 40. Specifically, Plaintiff was invited to provide the Court with facts to support his argument that the statute of limitations, which clearly barred Plaintiff's claim, should be equitably tolled because Plaintiff was an in-patient in a psychiatric hospital on four different occasions and taking psychiatric medications throughout 2010 and 2011.

Plaintiff filed a Second Amended Complaint on December 4, 2013, and on December 19, 2013, Defendant McKenzie filed the instant Motion arguing that Plaintiff has failed to cure the deficiencies in the first Amended Complaint noted by the Court. ECF Nos. 41, 43. In particular, Defendant argues that Plaintiff has still failed to set forth facts regarding the dates he was hospitalized; what medications he was prescribed; who was treating him; or whether he had been adjudicated incompetent.

Plaintiff filed a document entitled "Proof of Evidence" on January 22, 2014, which the Court has construed as Plaintiff's response to Defendant's Motion. ECF No. 45. Therein, Plaintiff references his medical records, which the psychology department at SCI Mercer faxed to the undersigned's chambers on December 30, 2013, after Defendant McKenzie filed the instant Motion.[2] Plaintiff contends that these records evidence that he was mentally unstable throughout 2010 and 2011, and thus precluded him from filing this action in a timely fashion. Id.

---

[1] Plaintiff's Fifth Amendment claim and claims against Defendant Pennsylvania State Police were dismissed with prejudice.

[2] The Court has since had Plaintiff's medical records filed on the docket under seal. ECF No. 46.

## B.    STANDARD OF REVIEW

In assessing the sufficiency of a complaint pursuant to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must accept as true all material allegations in the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff.  Odd v. Malone, 538 F.3d 202, 205 (3d Cir. 2008).  The Court, however, need not accept bald assertions or inferences drawn by the plaintiff if they are unsupported by the facts set forth in the complaint.  See California Pub. Employees' Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004), citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  Nor must the Court accept legal conclusions set forth as factual allegations.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Id., citing Papasan v. Allain, 478 U.S. 265, 286 (1986).   Indeed, the United States Supreme Court has held that a complaint is properly dismissed under Fed. R. Civ. P. 12(b)(6) where it does not allege "enough facts to state a claim to relief that is plausible on its face," id. at 570, or where the factual content does not allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (finding that, under Twombly, "labels, conclusions, and a formulaic recitation of the elements of a cause of action" do not suffice but, rather, the complaint "must allege facts suggestive of [the proscribed] conduct" and that are sufficient "to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s] of his claim").

## B.    DISCUSSION

In determining whether equitable tolling should be granted, courts are to consider "(1) whether the plaintiff faced extraordinary circumstances that stood in the way of timely filing; and

(2) whether he or she exercised reasonable diligence." <u>Pabon v. Mahoney</u>, 654 F.3d 385, 399

(3d Cir. 2011), *cert. denied*, ___ U.S. ___, 132 S. Ct. 2430 (2012), *citing* <u>Pace v. DiGugliemlo</u>,

544 U.S. 408, 418 (2005).  <u>See</u> <u>Santos ex rel. Beato v. United States</u>, 559 F.3d 189, 197 (3d Cir.

2009) (internal quotation omitted) (" [t]he remedy of equitable tolling is extraordinary, and we

extend it only sparingly").  Tolling is appropriate under any one of the following three general

scenarios: "(1) where a defendant actively misleads a plaintiff with respect to her cause of action;

(2) where the plaintiff has been prevented from asserting her claim as a result of other

extraordinary circumstances; or (3) where the plaintiff asserts her claims in a timely manner but

has done so in the wrong forum."  <u>Id.</u>  Plaintiff in this case does not allege that Defendants

actively misled him or that he asserted his claims in the wrong forum.  Rather, Plaintiff argues

only that the statute of limitations should be tolled due to his alleged mental incompetence and

in-patient hospitalization during 2010 and 2011.

Mental incompetence, however, is not a per se reason for equitable tolling.  <u>See</u> <u>Nara v.

Frank</u>, 264 F.3d 310, 320 (3d Cir. 2001), *overruled in part on other grounds by* <u>Carey v. Saffold</u>,

536 U.S. 214 (2002).  For tolling to be appropriate, "the alleged mental incompetence must

somehow have affected the petitioner's ability to file a timely [complaint]."  <u>Id.</u>  Moreover, it is

the plaintiff's burden to prove that equitable tolling is warranted.  <u>Miller ex rel. Miller v.

Hudson</u>, 2013 WL 2631539, at *3 (W.D. Pa. June 13, 2013).  <u>See</u> <u>Bolarinwa v. Williams</u>, 593

F.3d 226, 232 (2d Cir. 2010) (placing the burden on the petitioner to offer a particularized

description of the causal relationship between the mental impairment and the failure to comply

with the filing deadline).

Here, Plaintiff has not met his burden.  Contrary to Plaintiff's assertion, review of his

medical records does not support a finding that Plaintiff was "mentally unstable throughout 2010

and 2011." While it is clear that Plaintiff suffers from depression and that he has seen mental health professionals and been prescribed anti-depressants at various times, nothing in his medical records suggest that his mental state was such that he was prevented from filing this action in a timely fashion. See ECF No. 46, at pp. 7, 9, 11, 13, 14, 16, 18, 27-31. Indeed, although Plaintiff contends he was an in-patient at a psychiatric hospital on four different occasions during 2010 and 2011, his records show that he was a patient at the Clarion Psychiatric Center on only one occasion from June 12, 2010 until June 24, 2010. Id. at pp. 27-31. Moreover, Plaintiff's medical records show that the "psychiatric medications" that he was prescribed consisted of antidepressants and anti-anxiety medications. Id. at pp. 7, 8, 11, 13, 16, 29, 30, 31. There is no evidence that these medications had any adverse effects on Plaintiff or in any way affected his ability to comply with the filing deadline. In fact, the records from Clarion Psychiatric Center indicate that Plaintiff "appeared to respond" to the medications he was given during his hospitalization, and those same medications were prescribed on discharge. Id. at pp. 30, 31.

Furthermore, Plaintiff has not set forth any facts or argument in either the Second Amended Complaint or his response to Defendant's Motion to support a finding that he exercised reasonable diligence in pursuing his claims. See Pabon v. Mahoney, 654 F.3d at 399. See also Santos ex rel. Beato v. United States, 559 F.3d at 197, *quoting* Irwin v. Dep't of Veteran Affairs, 498 U.S. 89, 96 (1990) ("a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim. . . . The principles of equitable tolling thus do not extend to 'garden-variety claims of excusable neglect'"). Accordingly, Plaintiff has failed to demonstrate that equitable tolling is warranted in this case and his claim of false imprisonment brought against Defendant McKenzie remains barred by the statute of limitations and is properly dismissed with prejudice.

## C.    CONCLUSION

For the foregoing reasons, is respectfully recommended that the Motion to Dismiss submitted on behalf of Defendant McKenzie, ECF No. 43, be granted and that the case be dismissed with prejudice.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.  Failure to timely file objections will waive the right to appeal.  Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).  Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

Respectfully submitted,

/s/ Maureen P. Kelly
MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

Dated: February 7, 2014

cc:    The Honorable David Stewart Cercone
       United States District Judge

       Robert Karl Barger, Jr.
       KS-6167
       SCI Mercer
       801 Butler Pike
       Mercer, PA 16137

       All counsel of record by Notice of Electronic Filing